Wade L. Woodard (ISB No. 6312)
wwoodard@kmclaw.com
Haley Krug (ISB No. 10442)
hkrug@kmclaw.com
**KIRTON MCCONKIE**
999 W. Main St., Suite 100
Boise, ID 83702
Telephone: (208) 370-3325
Facsimile: (208) 370-3324

Stephen D. Gardner (*pro hac vice forthcoming*)
sgardner@cooley.com
Kathleen Pakenham (*pro hac vice forthcoming*)
kpakenham@cooley.com
Clint Massengill (*pro hac vice forthcoming*)
cmassengill@cooley.com
**COOLEY LLP**
55 Hudson Yards
New York, New York 10001-2157
Telephone: (212) 479-6130
Facsimile: (212) 479-8275

*Attorneys for Petitioner
Stanley D. Crow*

FEE PAID
R# 26952

U.S. COURTS

OCT 05 2020

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STANLEY D. CROW, an individual,<br><br>Petitioner<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 20-mc-281<br><br>**PETITION TO QUASH INTERNAL REVENUE SERVICE SUMMONS ISSUED TO RACINE OLSON** |

Petitioner, Stanley D. Crow, hereby petitions this Court for an order quashing a summons issued by the Internal Revenue Service to "Racine Olson" purporting to seek documents and testimony the exact nature of which was not disclosed in the notice provided to Petitioner. In

STANLEY D. CROW'S PETITION TO QUASH INTERNAL REVENUE SERVICE
SUMMONS ISSUED TO RACINE OLSON - 1

support of this Petition, Petitioner concurrently submits a supporting declaration from Stanley D. Crow.

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to Internal Revenue Code ("IRC") section 7609(h)(1) (26 U.S.C. § 7609(h)(1)) because the summoned entity resides or is found in the District of Idaho.

2. Venue is proper in this court pursuant to 26 U.S.C. § 7609(h)(1). Upon information and belief, assignment to the Eastern Division of the District of Idaho is proper, as the summoned entity is located in Bannock County.

## II. THE PARTIES AND OTHERS

3. Petitioner Stanley D. Crow is a citizen of the State of Idaho, with his legal residence in Ada County, Idaho, specifically at the address of 6138 W. Winstead Place, Boise, Idaho, 83704.

4. Respondent United States of America, Internal Revenue Service (hereinafter "IRS"), is a federal government entity with agencies and offices throughout the United States. Specific to this matter, the IRS has an office located at 400 Rood Avenue, Suite 105, Grand Junction, Colorado 81501, from which this action arises. The relevant summons states that it was issued by IRS agent Jean A. Walker and approved by Kim P. Vu.

5. The summoned entity is Racine Olson of Bannock County ("Racine Olson") with an address of 201 E. Center St., Pocatello, Idaho, 83201.

6. Because any documents held by Racine Olson would relate to S.Crow Collateral Corp. ("SCCC"), an Idaho corporation, Petitioner avers, on information and belief, that, if the IRS has in fact requested records from Racine Olson, the records pertain to SCCC.

### III. PETITION TO QUASH SUMMONS

7. By letter dated November 17, 2015, from Revenue Agent Blake London, the IRS began an examination of Petitioner under, among other statutory provisions, 26 U.S.C. § 6700. Declaration of Stanley D. Crow in Support of Petition to Quash Internal Revenue Service Summons Issued to Racine Olson ("Crow Decl.") ¶ 11.

8. Petitioner is the President and a 47% shareholder of SCCC. *Id.* ¶¶ 3-4.

9. SCCC's business is to purchase property from unrelated third parties under an installment agreement. Petitioner is not a party to the installment sales. SCCC then re-sells the property to an unrelated third party. *Id.* ¶ 6.

10. The IRS has described its examination of Petitioner as related to whether he is liable for penalties under 26 U.S.C. § 6700 in connection with installment sale purchases made by SCCC.

11. Generally speaking, an installment sale is a sale of property in which the seller receives at least one payment after the tax year in which the sale occurs. Sellers who qualify for installment sale treatment may elect to report in income only that part of the gain considered to have been received in that tax year. *See* Internal Revenue Service, Topic No. 705, Installment Sales, *available at* irs.gov/taxtopics/tc705.

12. Installment sales of the type in which SCCC participated are explicitly authorized by 26 U.S.C. § 453A(d). In its examination of Petitioner, the IRS has never stated, alleged, or described an issue with SCCC's installment sale transactions or that they are not eligible for treatment as installment sales under the Internal Revenue Code. Crow Decl. ¶ 16.

**A.** **The IRS Did Not Provide Petitioner with a Complete Copy of the Summons.**

13. Under 26 U.S.C § 7609(a)(1), when any summons requires a person to give testimony or provide records with respect to any person identified in the summons, the person identified is entitled to notice. The notice must include a copy of the summons. Mr. Crow is a person identified in the Summons and, presumably, the Summons requests records with respect to him. Thus, Mr. Crow was entitled to a copy of the Summons.

14. On September 14, 2020, the IRS issued a summons to Racine Olson purporting to demand that records be produced at the IRS's offices on October 14, 2020 (the "Summons"). A copy of the Summons served on Mr. Crow is attached as Exhibit A to Petitioner's declaration. Crow Decl., Ex. A.

15. The Summons is captioned "In the matter of Stanley Crow 26 USC sections 6700, 6707 and 6708." With respect to the documents and testimony being request, it states as follows: SEE SUMMONS ATTACHMENT IN THE MATTER OF STANLEY D. CROW.

16. The attachment was not included in the copy of the summons served on Petitioner. Crow Decl. ¶ 9. Consequently, the IRS did not provide Petitioner a copy of the summons that was served on Racine Olson (assuming the attachment was included in that summons).

17. A summons should be quashed when the IRS is unable to demonstrate that it has satisfied all administrative steps required by the Internal Revenue Code. *United States v. Powell*, 379 U.S. 48, 57-58 (1964). Because the IRS did not satisfy the notice requirements of 26 U.S.C § 7609(a)(1) by providing a copy of the Summons, the Summons should be quashed.

    **B.    The IRS Did Not Provide Petitioner the Notice Required by 26 U.S.C. § 7602(c)(1).**

18. Under 26 U.S.C. § 7602(c)(1), the IRS may not contact a person other than the taxpayer with respect to a determination of the taxpayer's tax liability "unless such contact

occurs during a period (not greater than 1 year) which is specified in a notice which (A) informs the taxpayer that contacts with persons other than the taxpayer are intended to be made during such period."

19. The flush language of 26 U.S.C. § 7602(c)(1) provides as follows: "A notice shall not be issued under this paragraph unless there is an intent at the time such notice is issued to contact persons other than the taxpayer during the period specified in such notice." This flush language was added to the statutory provision in July 2019. The most reasonable interpretation is that it requires the IRS to have a specific intent to contact either a particular person or category of person or to seek a particular category of information at the time the notice was issued. Interpreting the notice requirement to require merely a general intent to contact third parties with nothing specific in mind at the time the notice is issued renders the flush language of the statute nearly meaningless.

20. The IRS gave no advance notice to Petitioner that the Summons would be issued or served. Crow Decl. ¶ 10.

21. The only written notice that could theoretically satisfy the statutory notice requirement is a letter from IRS Revenue Agent Julia Keene to Mr. Crow dated August 15, 2019. That letter states: "We're writing to tell you that we intend to contact other people during the contact period listed above." That contact period was from September 30, 2019, to September 30, 2020. Crow Decl. ¶ 33.

22. The Summons was issued 13 months after that letter. The role of Racine Olson in the installment sales was known to the IRS when Ms. Keene wrote the August 15, 2019 letter. The 13-month delay raises the strong likelihood that at the time Ms. Keene wrote the letter, she

did not have a present intent to contact Racine Olson. Consequently, the August 15, 2019 letter does not meet the notice requirements of 26 U.S.C. § 7602(c)(1).

23. In addition, the Ninth Circuit has interpreted 26 U.S.C. § 7602(c)(1) as requiring the IRS to provide a "notice reasonably calculated, under all relevant circumstances, to apprise interested parties of the possibility that the IRS may contact third parties, and that affords interested parties a meaningful opportunity to resolve issues and volunteer information before those third party contacts are made." *See J.B. v. United States*, 916 F.3d 1161, 1173 (9th Cir. 2019). The Court noted that the purpose of the notice requirement is to protect the taxpayer's reputational interest by giving the taxpayer an "opportunity to produce the information and documents the IRS needs before the Service must obtain the information from third parties." *Id.* at 1168 (*citing* S. Rep. No. 105-174, at 77 (1988), *reprinted in* 1998-3 C.B. 537, 613 (1988); IRM 4.11.57.2(3) (May 26, 2017); Third Party Contacts, 67 Fed. Reg. 77,419, 77419-20 (Dec. 18, 2002)). "The [Senate Finance] Committee recognized that taxpayer protections needed to be robust because '[s]uch contacts may have a chilling effect on the taxpayer's business and could damage the taxpayer's reputation in the community.'" *Id.* at 1170 (*citing* S. Rep. No. 105-174, at 77 (1988), *reprinted in* 1998-3 C.B. 537, 613 (1988)).

24. Through the Summons the IRS seeks information from persons with whom Petitioner has business dealings despite the fact that it has not had any substantive communication with him since April 2017. Accordingly, the concerns that motivated Congress to enact the advance notice provision in 26 U.S.C. § 7602(c)(1) are especially relevant in this case. This conclusion is reinforced by the legislative history of the most recent statutory amendment.

25. The statute was amended in July 2019 after *J.B.* was decided. The amendment was part of the Taxpayer First Act (§ 1206, Pub. L. No. 116-25 (2019)). The conclusion in *J.B.* was based on the meaning of "notice." 916 F.3d at 1167 ("The Supreme Court has interpreted 'notice' to mean 'notice reasonably calculated, under all circumstances, to apprise interested parties' and 'afford them an opportunity to present their objections.'"). The requirement for the IRS to provide "notice" remains in the statute. Moreover, the legislative history of the Taxpayer First Act confirms that Congressional intent was to strengthen the notice requirements in a manner consistent with *J.B.*'s statutory interpretation:

> The Committee believes that the current notification requirement before the IRS contacts third parties regarding examination or collection activities is insufficient. Such contacts may have a chilling effect on the taxpayer's business and could damage the taxpayer's reputation in the community. The Committee believes that the provisions notification requirements will provide taxpayers more of an opportunity to resolve issues and volunteer information before the IRS contacts third parties.

H.R. Rep. No. 116-39, at 44-45 (2019). *J.B.*'s interpretation continues to apply to the statute.

26. In response to Ms. Keene's August 15, 2019 letter, Petitioner's counsel responded by letter dated August 26, 2019, that the statute required that Ms. Keene have a present intent to contact third parties as of the date she issued the letter. Petitioner's counsel requested that Ms. Keene identify what issues she needed to resolve or information she needed so that Petitioner could be given an opportunity to resolve those issues or volunteer information instead of the IRS making third party contacts. The IRS did not respond to that letter. Crow Decl. ¶ 34.

27. Petitioner's counsel repeated the same request for an opportunity to resolve issues or volunteer information in a letter to Revenue Agent Walker dated August 25, 2020. Ms. Walker issued the Summons without providing that opportunity, in violation of 26 U.S.C. § 7602(c)(1). *Id.* ¶¶ 34-35.

STANLEY D. CROW'S PETITION TO QUASH INTERNAL REVENUE SERVICE
SUMMONS ISSUED TO PIONEER TITLE - 7

28. On several occasions, Petitioner's counsel has requested a meeting to discuss the examination. Each time the request has been rejected or ignored. *Id.* ¶¶ 18, 27, 31.

29. At no time prior to the issuance or service of the Summons, or since, has the IRS identified any issues or afforded Petitioner any meaningful opportunity to resolve issues and to volunteer information with regard to any issues in the examination. At no time in the course of its examination of Petitioner has the IRS stated, alleged, or defined an issue with the installment sale transactions. *Id.* ¶ 16.

30. A summons should be quashed when the IRS is unable to demonstrate that it has satisfied all administrative steps required by the Internal Revenue Code. *Powell*, 379 U.S. at 57-58. Because the IRS did not provide Mr. Crow notice that satisfied the requirements of 26 U.S.C § 7602(c)(1), the Summons should be quashed.

**C.     The IRS's Repeated Contacts with Third Parties While Refusing to Discuss the Examination with Petitioner Raises a Plausible Inference of Bad Faith.**

31. While refusing to discuss Petitioner's examination with him, despite repeated requests, the IRS has made numerous third-party contacts and established a pattern of failing to meet its statutory notice obligations to Petitioner.

32. In December 2017, Petitioner's counsel served a Freedom of Information Act ("FOIA") request seeking, among other things, a copy of the IRS's case activity record related to the examination of Petitioner. A case activity record is a contemporaneous log of activity maintained by the IRS in the course of an audit. The IRS responded to the FOIA request in September 2019 and produced a partially redacted copy of the case activity record through February 2019. Crow Decl. ¶ 17. The case activity record revealed that the IRS has made contacts with third parties without providing notice before or after the contacts, in violation of 26 U.S.C. § 7602(c).

33. The Internal Revenue Code explicitly requires the IRS to provide notice to a taxpayer under investigation when it sends a summons to a third party. 26 U.S.C. § 7609(a). On August 23, 2016, Revenue Agent London's manager advised him to prepare a "no notice" summons to two escrow companies Agent London believed "Crow is possibly using." Crow Decl. ¶ 19. The law does not provide for a "no notice" summons.

34. On August 24, 2016, Agent London left a message at Nationwide Title Insurance Company. The IRS did not provide Petitioner notice of that third-party contact under any of the potentially applicable notice provisions, including 26 U.S.C. §§ 7602(c)(1) (advance notice of third-party contacts); or 7602(c)(2) (record of persons contacted). *Id.* ¶ 20.

35. On August 26, 2016, Agent London faxed a summons to First American Title Insurance Company; disregarding its legal obligation to provide notice, the IRS did not give Petitioner notice of that third-party contact under any of the potentially applicable notice provisions, including 26 U.S.C. §§ 7602(c)(1) (advance notice of third-party contacts); 7602(c)(2) (record of persons contacted); or 7609(a)(1) (notice of third-party summonses). *Id.* ¶ 21.

36. Even before receiving the case activity record in September 2019, Petitioner learned that the IRS was making contact with persons with whom he had business relationships. In a letter dated April 24, 2017, Petitioner's counsel notified the IRS that the IRS had made contacts with third parties without providing advance notice and requested that the IRS provide advance notice in the future. Counsel also requested that the IRS provide the names of all third-party contacts as required in 26 U.S.C. § 7602(c). *Id.* ¶ 22.

37. Despite clear indications in the case activity record that the IRS had made numerous third-party contacts, in a letter dated June 12, 2017, the IRS responded to counsel's

request for a list of third-party contacts by indicating there were none. *Id.* ¶ 25. Despite his request for the information about the contacts, to which he was entitled under 26 U.S.C. § 7602(c), Petitioner might never have learned of the contact to those third parties without the FOIA response.

38. Petitioner previously petitioned in this court to quash a summons issued to Racine Olson on July 19, 2017. *See* Case No. 1:17-mc-09829-EJL-REB. Petitioner contended that the record raised a plausible inference that the IRS had no actual intent to conduct an examination of Petitioner and was issuing a pretextual summons for the purpose of obtaining the names of SCCC's counterparties in the installment sale transactions so that it could audit them.

39. Petitioner did not prevail in its petition to quash and in April 2018 Racine Olson responded to the summons. Crow Decl. ¶ 26.

40. Petitioner's contentions in its petition to quash the original Racine Olson summons have been proven correct with the passage of time. Since that date, the IRS has had no substantive contact with Petitioner and has initiated examinations of approximately 19 counterparties of SCCC. Despite the IRS receiving the Racine Olson production in April 2018, Petitioner has not received any requests for information or inquiries from the IRS and the IRS has not identified any issues or offered Petitioner an opportunity to volunteer information to prevent additional third-party contacts. *Id.* ¶ 26.

41. Beginning on February 25, 2019, some of the counterparties of SCCC in installment sale transactions began to send Petitioner copies of letters from Julia Keene, IRS Revenue Agent. In the letter's opening paragraph Ms. Keene stated:

> This letter is to request your assistance in a pending Federal tax investigation. You are not the subject of the investigation and this isn't an audit of your personal tax return. We're contacting

>  you because you may have information relevant to this investigation.

*Id.* ¶ 28.

42. Several of SCCC's counterparties or their representatives indicated to Petitioner that they had received such letters. Some of the counterparties in installment sale transactions or their representatives indicated that Ms. Keene called or met with them and asked questions about Petitioner and the transactions. *Id.* ¶ 29.

43. In violation of the advance notice requirements of 26 U.S.C. § 7602(c)(1), the IRS did not provide Petitioner with advance notice that it may or intended to contact counterparties in the installment sale transactions. *Id.* ¶ 30.

44. In a letter dated March 14, 2019, Petitioner's counsel asked Ms. Keene to provide notice in advance of contacting third parties in connection with the IRS's investigation of Petitioner. Petitioner notified the IRS that the Ninth Circuit had recently interpreted that statutory language to require the IRS to give a taxpayer under examination "a meaningful opportunity to resolve issues and volunteer information before [the] third-party contacts are made." *See J.B.*, 916 F.3d at 1170. The IRS did not respond. Crow Decl. ¶ 31.

45. By letter dated April 11, 2019, the IRS identified *sixteen* third-party contacts (as of April 11, 2019). It did not provide Petitioner any advance notice as required under 26 U.S.C. § 7602(c)(2). Based on information received from other counterparties and their representatives, it is clear that the list provided by the IRS is not complete. *Id.* ¶ 32.

46. By letters dated August 26, 2019 and August 25, 2020, Petitioner's counsel cited the requirements in *J.B.* that the IRS offer Petitioner a meaningful chance to resolve issues or volunteer information before making any third-party contacts. Despite the statutory obligation for the IRS to honor those requests, the IRS issued the Summons without breaking its

uninterrupted streak of having no substantive communications with Petitioner dating back to April 2017. *Id.* ¶¶ 33-35.

47.    On August 25, 2020, Petitioner's counsel requested a list of third-party contracts as provided in 26 U.S.C. § 7602(c)(2). Petitioner has not received a response. *Id.* ¶ 36. The Internal Revenue Manual provides that taxpayer requests for third-party contacts should be answered in 10 days. Internal Revenue Manual, Providing Taxpayers with TPC List, § 25.27.1.5(3) (October 19, 2017).

48.    Petitioner has learned that, despite the IRS making no substantive contact with Petitioner since April 2017, Revenue Agent Jean Walker sent letters to counterparties of SCCC within the last two weeks with the stated intention of discussing Petitioner's examination. *Id.* ¶ 37.

49.    While repeatedly making third-party contacts over the course of several years, the IRS repeatedly has refused Petitioner's requests to discuss the issues in the case.

    a. In Petitioner's original meeting with Agent London on December 16, 2015, Petitioner notified the IRS that on February 26, 2014, the United States Bankruptcy Court, Central District of California, Santa Ana Division, *In re Linda J. Martin*, Case No. 8:13-bk-13134-TA, after notice to the IRS, entered an order approving, for tax deferral for the seller "pursuant to I.R.S. Code § 453", the debtor's installment sale to SCCC pursuant to the transaction documents therefor which were made public record and part of the court's order. The *In re Linda J. Martin* transaction structure is the same transaction structure, in all material respects, as those within the scope of the IRS's purported examination of Petitioner under 26 U.S.C. § 6700. Petitioner directed the IRS to these facts and the IRS has never addressed how Petitioner could

be liable under 26 U.S.C. § 6700 for knowingly making a false or fraudulent statements regarding the availability of tax benefits under those circumstances. Crow Decl. ¶¶ 42-44.

b. On April 21, 2016, Petitioner's attorney requested a "sit down meeting" with Agent London and Agent London's response was "let's do it now, I'm sitting down." The meeting never occurred. *Id.* ¶ 18.

c. On June 8, 2017, Petitioner submitted transaction documents to the IRS and, as provided in IRS guidelines, requested that the examination team submit the transactions to its National Office for a determination of the proper treatment. The IRS has never responded to that request, despite its own guidelines that require a response. *Id.* ¶ 23.

d. Petitioner's counsel requested a meeting in June 2018 and has never received a response. *Id.* ¶ 27.

e. Petitioner's counsel requested a meeting by letter dated March 14, 2019, and has never received a response to that request. *Id.* ¶ 31.

f. Treasury Regulation 26 C.F.R. §15a.453-1 explicitly permits parties such as SCCC to engage in installment transactions as an intermediary. The IRS has never addressed with Petitioner how he could have made a knowingly false or fraudulent material statement that transactions with SCCC as an intermediary do not qualify as installment sale transactions under the Internal Revenue Code.

**D.** **The IRS Cannot Satisfy the *Powell* Requirements.**

50. Under *Powell v. United States*, 379 U.S. 48 (1964), the Summons should be quashed because the IRS has failed to satisfy all administrative steps required by the Internal Revenue Code:

a. As provided in 26 U.S.C. § 7609(a)(1), the IRS was required to provide Petitioner a copy of the summons which has been served upon Racine Olson. *See supra.* By failing to include the attachment to the summons, the IRS did not comply with 26 U.S.C. § 7609(a)(1).

b. As provided in 26 U.S.C. § 7602(c)(1), the IRS may not contact any person other than the taxpayer with respect to an examination without providing notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made.

c. The advance notice must be reasonably calculated, under all relevant circumstances, to apprise interested parties of the possibility that the IRS may contact third parties, and afford interested parties a meaningful opportunity to resolve issues and volunteer information before those third-party contacts are made. *See J.B.*, 916 F.3d 1161.

d. Because the IRS has not had any substantive contact with Petitioner since April 2017, the IRS did not afford Petitioner a meaningful opportunity to resolve issues and volunteer information before issuing the Summons.

e. As provided in 26 U.S.C. § 7609(a)(1), the IRS must intend to contact third parties when it serves notice. Because the IRS served the summons on Racine Olson 13 months after last providing written notice of its intent to contact third parties, it did not have an intent to contact Racine Olson at the time it provided written notice. *See* ¶ 22, *supra.*

51.  The IRS must at all times use its summons authority in good faith pursuit of a congressionally authorized purpose. *See Powell*, 379 U.S. at 58 ("[A] court may not permits its process to be abused. Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation.")

52.  The IRS appears to be conducting its examination in bad faith because it is maximizing the risks of reputational harm to Petitioner by relying entirely on contacting third parties for information without giving legally required notice to Petitioner and simultaneously refusing to give Petitioner an opportunity to resolve the substantive issues in the examination (and thereby eliminate or reduce the need for third-party contacts). The following factors indicate the IRS has sought to maximize third-party contacts:

   a.  The Internal Revenue Manual and the Ninth Circuit's decision in *J.B. v. United States*, 916 F.3d 1161 (9th Cir. 2019) require an IRS agent to have regular contact with the taxpayer during an examination rather than spend years making only third-party contacts, which has occurred in this examination.

   b.  The Internal Revenue Manual requires regular communication:

   > Communication with the taxpayer or representative on an on-going and continuous basis is a ***critical part of the examination process***....The examiner should discuss the progress of the audit and issues proposed with the taxpayer and/or representative at frequent intervals as the examination continues.

Internal Revenue Manual, Proposing Adjustments to the Taxpayer and/or Representative, § 4.10.7.5 (Jan. 1, 2006) (emphasis added).

   c.  *J.B.* provides that the IRS is required to notify taxpayers under examination before third-party contacts are made to give taxpayers an opportunity to resolve issues or

volunteer information because "[third-party] contacts may have a chilling effect on the taxpayer's business and could damage the taxpayer's reputation in the community." 916 F.3d at 1170.

d. While refusing to communicate with Petitioner about the examination, the IRS has initiated numerous third-party contacts; the IRS has often done so without providing Petitioner notice required by the Internal Revenue Code.

e. The IRS's repeated (and apparently intentional) failure to meet its statutory notice requirements regarding third-party contacts and refusal over the course of several years to discuss issues with Petitioner raises serious questions regarding the IRS's motives for its actions over the course of the examination. On the one hand, contrary to its own guidelines, the IRS has refused over several years to communicate with Petitioner preventing any possibility for Petitioner to know what information the IRS needs or what the issues in the examination are. At the same time, the IRS has directed all of its actions toward making contact with third parties.

f. The IRS's actions raise a plausible inference that the IRS is conducting its examination in a manner to maximize third-party contacts and to maximize the risk of reputational harm to Petitioner by exclusively focusing on contacting third parties without addressing the merits of the installment sale transactions or otherwise making any effort to resolve issues that could avoid the necessity of such contacts.

g. Because Petitioner has submitted evidence that raises a plausible inference that the Summons was issued as part of an examination that unnecessarily maximizes third-party contacts, Petitioner is entitled to an evidentiary hearing. *U.S. v. Clarke*, 134 S.Ct. 2361, 2367 (2014).

53. The Summons, to the extent it was issued in furtherance of an investigation under 26 U.S.C. §§ 6707 and 6708, was not issued in good faith and should be quashed.

   a. Sections 6707 and 6708 impose penalties for failure to register and provide certain information concerning "reportable transactions" or "listed transactions".

   b. The installment transactions are not reportable or listed transactions within the meaning of 26 U.S.C. § 6707A. Crow Decl. ¶ 38.

   c. SCCC's installment sale transactions are not the same as or similar to any of the "listed transactions" identified in Notice 2009-59, as supplemented by Notice 2015-73.

   d. The administrative record indicates that as early as September 2016 the IRS already had concluded that the installment sale transactions were not "listed transactions." *Id.* ¶ 39.

   e. After five years and numerous counterparty examinations, the IRS has never identified any basis for concluding that the installment sale transactions are reportable transactions. *Id.* ¶ 40.

**WHEREFORE**, for the reasons set forth above, Petitioner respectfully request that the Court issue an order quashing the Summons or, in the alternative, hold an evidentiary hearing.

DATED this 5th day of October, 2020.

/s/ Haley K. Krug
Wade L. Woodard (ISB No. 6312)
*wwoodard@kmclaw.com*
Haley K. Krug (ISB No. 10442)
*hkrug@kmclaw.com*
**KIRTON MCCONKIE**
999 W. Main St., Suite 100
Boise, ID 83702
Telephone: (208) 370-3325

Facsimile: (208) 370-3324

__/s/ Stephen D. Gardner__
Stephen D. Gardner (*PHV forthcoming*)
*sgardner@cooley.com*
Kathleen Pakenham (*PHV forthcoming*)
*kpakenham@cooley.com*
Clint Massengill (*PHV forthcoming*)
*cmassengill@cooley.com*
**COOLEY LLP**
55 Hudson Yards
New York, New York 10001-2157
Telephone: (212) 479-6130
Facsimile: (212) 479-8275