UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Petitioner,<br><br>STEVE VAUGHT, President of Alpha Lending, LLC, d/b/a Marigold Credit, and Member-Manager of Alpha Holding Company, LLC,<br><br>    Respondent,<br><br>S. CROW COLLATERAL CORPORATION and STANLEY D. CROW,<br><br>    Intervenors. | Case Nos. 1:18-cv-00452-DCN<br>               1:20-mc-00280-DCN<br>               1:20-mc-00281-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I.    INTRODUCTION

Pending before the Court are several related motions in the three above-referenced cases. Most recently, S. Crow Collateral Corporation ("SCCC") and Stanley D. Crow's (collectively "Intervenors") filed Motions to Consolidate the three cases. Dkt. 47.[1] In *Crow v. United States* (Case No. 1:20-mc-00280-DCN) and *Crow v. United States* (Case No. 1:20-mc-00281-DCN), the two related miscellaneous cases, the Intervenors filed Petitions to Quash IRS summonses that had been issued. Dkt. 1.[2] The Government later withdrew the summonses and filed Motions to Dismiss the miscellaneous cases, contending that the

---

[1] Where possible, and unless otherwise indicated, record citations refer to Case No. 1:18-cv-00452-DCN. The related Motions to Consolidate Cases are Dkt. 10, Case No. 1:20-mc-00280-DCN and Dkt. 11, 1:20-mc-00281-DCN.

[2] See Dkt. 1 of each of the aforementioned miscellaneous cases.

MEMORANDUM DECISION AND ORDER 1

Petitions to Quash are moot. Dkt. 14.[3]

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court GRANTS the Government's Motions to Dismiss, DENIES as MOOT the Petitions to Quash in the miscellaneous cases, and DENIES Intervenors' Motions to Consolidate Cases.

## II. BACKGROUND

The main lawsuit, *Vaught*, arises out of the IRS's investigation of Intervenors. In the course of its investigation, the IRS issued a third-party summons to Steve Vaught as president of Alpha Lending, LLC on January 19, 2018, and to Vaught as member-manager of Alpha Holding Company, LLC, d/b/a Marigold Credit on January 24, 2018.[4] Both third-parties summonses directed Vaught to (1) appear before the IRS on March 13, 2018 and (2) give testimony and produce for examination records and documents of the companies on whose behalf he was appearing. Vaught did neither.

On October 17, 2018, the Government filed its petition to enforce the two summonses the IRS served on the Alpha Companies. Dkt. 1. On November 26, 2018,

---

[3] See Dkt. 14 of the miscellaneous cases.

[4] Collectively, Alpha Lending, LLC and Alpha Holding Company, LLC will be referred to as the "Alpha Companies."

Intervenors filed their memorandum of law in opposition to the petition to enforce the IRS summonses, and in support of their motion to quash. Dkt. 7. The Court subsequently granted Intervenors leave to file an amended opposition to the petition to enforce and in support of their motion to quash, (Dkt. 38), which Intervenors did on December 18, 2019 (Dkt. 39). Briefing was ripe on January 16, 2020. The case was subsequently reassigned to Judge James M. Moody from the Eastern District of Arkansas on February 12, 2020. Dkt. 44.

On December 31, 2020, Intervenors filed the pending Motions to Consolidate Cases in which they move the Court, pursuant to Federal Rule of Civil Procedure 42(a), to issue an order consolidating the instant matter with the two miscellaneous cases.

On January 11, 2021, the main case was transferred from Judge Moody back to the undersigned Judge. Dkt. 48. Then, the Government responded, opposing Intervenors' Motions to Consolidate. Dkt. 49. A day later, Respondent Steve Vaught also responded, informing the Court of his non-opposition to Intervenors' Motions to Consolidate. Dkt. 50. Intervenors filed a Reply (Dkt. 51), and the issue of consolidation is now ripe.

On February 1, 2021, the Government filed Motions to Dismiss both the related miscellaneous cases because the IRS had withdrawn the summonses and because it contended that the Court no longer had jurisdiction under the mootness doctrine. Dkt. 14. Those matters went through the normal course of briefing and became ripe on March 8, 2021.

### III. DISCUSSION

Federal Rule of Civil Procedure 42(a) provides: "If actions before the court involve

a common question of law or fact, the court may . . . consolidate the actions[.]" The Government argues that *Crow v. United States* (Case No. 1:20-mc-00280-DCN) and *Crow v. United States* (Case No. 1:20-mc-00281-DCN) are *not* properly before the Court. Rather, both actions are moot and should be dismissed because the IRS has withdrawn the summonses issued to the subjects of both actions. Dkt. 49.

Intervenors agree that the IRS stated in a November 20, 2020 letter that it has withdrawn the summonses. Dkt. 47-1, at 3. However, Intervenors argue that because they anticipate the IRS will reissue the summonses, the petitions to quash should not be dismissed (and the IRS should not be permitted the opportunity to reissue them) until the Court has considered whether the IRS has acted in bad faith in the three separate actions. *Id.* at 8. Specifically, Intervenors insist that the IRS withdrew the summonses due to certain technical errors. They also state that the IRS has not indicated that it does not intend to reissue the summonses. And they reason that, because the IRS issued the summonses in the two related cases during the pendency of the main case, *Vaught*, the IRS has demonstrated it will not stop issuing summonses despite the underlying dispute.

The Court concludes that consolidation is not appropriate in this case because the other two actions are indeed moot. "To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). "There is thus no case or controversy, and a suit becomes moot, 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Chafin v. Chafin*, 568 U.S. 165,

172 (2013) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)).

The Ninth Circuit has previously affirmed a district court's dismissal of a case based on mootness once the IRS withdrew its summonses. In *Pacific Fisheries Inc. v. United States*, the petitioners moved to quash two IRS summonses. 484 F.3d 1103, 1105 (9th Cir. 2007). After the petitioners moved to quash and sent a letter to the IRS "reiterating their position that the summonses were unenforceable," the IRS withdrew the summonses. *Id.* The IRS then asked the petitioners to voluntarily dismiss because "the controversy at issue . . . is [ ] moot." *Id.* The petitioners "refused to file voluntary dismissals" unless the "IRS provided certain information and assurances," including "assurances that the IRS would not reissue the summons[es]." *Id.* at 1105–06. Even though the IRS did not make an assurance against reissuance, the district court granted the government's motion to dismiss based on mootness because the IRS had withdrawn the summonses. *Id.* at 1106. The Ninth Circuit affirmed the district court's determination. It considered the possibility that the IRS might reissue the summonses at issue in that case but held that the petition to quash became "moot after the summonses were withdrawn." *Id.* at 1111 (noting that the government "acted reasonably when it asked the taxpayers to voluntarily dismiss the petitions to quash, given that those petitions were moot after the summonses were withdrawn").

Similarly, in a separate, unpublished opinion, the Ninth Circuit stated that "[b]ecause the IRS withdrew the summons, [petitioner] no longer has a justiciable claim and the district court correctly dismissed [her] petition." *Gillings v. U.S. I.R.S.*, 122 F. App'x 360, 361 (9th Cir. 2005) (citing *Hacienda Valley Mobile Estates v. City of Morgan Hill*, 353 F.3d 651, 661 (9th Cir. 2003)). Even though the petitioner in *Gillings*, like

Intervenors here, contended that the summonses were not moot because they would likely be reissued, the Ninth Circuit reasoned that it could not afford any effective relief that the petitioner had not already received, and thus petitioner no longer had a justiciable claim. *Id.*

The Ninth Circuit is far from alone in this rule of law. Many courts have held that the withdrawal of an IRS summons moots a petition to quash that summons. *Schaeffler v. United States*, 2016 WL 3369538, at *2 (S.D.N.Y. June 17, 2016), *aff'd*, 696 F. App'x 542 (2d Cir. 2017); *Malone v. IRS*, 237 F.2d 54, 54 (6th Cir. 1956) (per curiam); *MaxCrest Ltd. v. United States*, 2016 WL 3211228, at *1 (N.D. Cal. Mar. 25, 2016); *Brinkman v. U.S., Inc. ex rel. IRS*, 2015 WL 9920980, at *2 (D. Minn. Dec. 16, 2015); *Dew v. United States*, 2010 WL 889987, at *2 (D.S.C. Jan. 20, 2010); *Fisher v. United States*, 676 F. Supp. 2d 1165, 1170 (W.D. Wa. 2009); *Hardee v. United States*, 2007 WL 3037308, at *1 (W.D.N.C. Oct. 16, 2007); *Thompson v. United States*, 2007 WL 2778663, at *2 (S.D. Ohio Sept. 21, 2007); *Thompson v. United States*, 2007 WL 1891167, at *2 (D.D.C. June 29, 2007); *Dame v. United States*, 643 F. Supp. 533, 534 (S.D.N.Y. 1986).

The Court concludes that these precedents are applicable here. No party disputes that the IRS has withdrawn the summonses in *Crow v. United States* (Case No. 1:20-mc-0028-DCN) and *Crow v. United States* (Case No. 1:20-mc-00281-DCN). Under controlling and persuasive caselaw, which explicitly considered the possibility of the reissuance of withdrawn summonses but nonetheless held that withdrawing the summonses mooted the petitions to quash, there are no longer justiciable claims in front of the Court in the miscellaneous cases. Consequently, the miscellaneous cases must be dismissed and do not

necessitate consolidation.

Lastly, in the principal case Intervenors rely on, *Schaeffler v. United States*, 696 F. App'x 542, 543 (2d Cir. 2017), the Second Circuit came to the same conclusion as the conclusion in the cases already discussed and cited. In affirming the district court's conclusion that a petition to quash was moot because the IRS had withdrawn the summons, the court did "not give much credence to Schaeffler's speculation about how events may play out in the future should the IRS seek" the documents again. *Id.* Here too, the Court finds Intervenors' arguments to be speculative at best.[5] Thus, *Schaeffler* does not alter the Court's conclusion that the related petitions to quash are moot.

For the foregoing reasons, the Court grants the Government's Motions to Dismiss the miscellaneous cases, denies as moot the Petitions to Quash in the miscellaneous cases, and denies Intervenors' Motions to Consolidate in all three cases.

### IV.  ORDER

It is HEREBY ORDERED:

1. The Government's Motions to Dismiss (Dkt. 14, Case No. 1:20-mc-00280-DCN) and (Dkt. 14, 1:20-mc-00281-DCN) are **GRANTED**.

2. Intervenors' Petitions to Quash (Dkt. 1, No. 1:20-mc-00280-DCN) and (Dkt. 1, No. 1:20-mc-00281-DCN) are **DENIED as MOOT.**

---

[5] The parts of *Schaeffler* upon which Intervenors place their greatest focus were afterthoughts, *i.e.*, dicta. After its holding, the Second Circuit went on to assume without deciding that, even if the voluntary cessation exception applied, the IRS had met its burden through repeated assurances that it would not reissue a summons and all "potential effects of the summons ha[d] thus been fully eradicated." *Id.* at 543–44. However, those issues were not material to the court's holding. The court's holding was that a withdrawn summons rendered the petition to quash moot without need for further analysis.

3. Intervenors' Motions to Consolidate Cases (Dkt. 47, Case No. 1:18-cv-00452-DCN), (Dkt. 10, Case No. 1:20-mc-00280-DCN), and (Dkt. 11, Case No. 1:20-mc-00281-DCN) are **DENIED**.

4. *Crow v. United States* (Case No. 1:20-mc-00280-DCN) and *Crow v. United States* (Case No. 1:20-mc-00281-DCN) are hereby **DISMISSED and CLOSED**.

5. This Order shall be filed in all three of the aforementioned cases (1:18-cv-00453-DCN, 1:20-mc-00280-DCN, and 1:20-mc-281-DCN).

DATED: May 20, 2021

_____
David C. Nye
Chief U.S. District Court Judge